**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | **Criminal No. 18-CR-368** |
| | § | |
| **BRIAN SWIENCINSKI,** | § | |
| **SCOTT BREIMEISTER, and** | § | |
| **VLADIMIR REDKO, M.D.,** | § | |
| | § | |
| Defendants. | § | |

**UNITED STATES' SUPPLEMENTAL RESPONSE TO PHARMS' MOTION TO QUASH AND DEFENDANTS' MOTION FOR EXPEDITED DISCOVERY AND UNITED STATES' MOTION FOR CLARIFICATION**

On March 21, 2019, the United States responded to Pharms LLC's Motion to Quash Grand Jury Subpoenas and Motion for Discovery, Dkt. No. 52. *See* Dkt. No. 57 (sealed). On April 2, 2019, the United States responded to the Defendants' Motion for Expedited Discovery, Dkt. No. 52. *See* Dkt. No. 64. The United States now supplements its Responses to provide the Court additional information related to discovery and production of materials to the Defendants. The United States also moves for clarification, in the interest of efficient use of judicial resources, as to the bounds of the motion hearing this Court scheduled for May 9, 2019. *See* Dkt. No. 67. For the reasons described more fully below, the United States respectfully requests that this Court find that neither the issues raised by Defendants'—who never requested a hearing and have nevertheless been provided with the relief sought—nor those raised by Pharms—which has not met its burden of showing an evidentiary hearing is necessary—merit an evidentiary hearing.

**BACKGROUND**

On February 28, 2019, Pharms, LLC, which is not a party to this case, filed a Motion to Quash Grand Jury Subpoenas and Motion for Discovery, arguing that this Court should quash

1

three grand jury subpoenas for essentially three reasons: (1) the grand jury that issued the subpoenas is expired; (2) pre-indictment grand jury subpoenas cannot be used for trial discovery; and (3) enforcing the subpoenas would be unreasonable and oppressive under Rule 17(c)(2) based on the Government's use of a cooperating witness who, at one point, made an unauthorized recording of counsel for Pharms and Defendant Scott Breimeister.  Dkt. No. 52. at 6–10.  Though not a party to this litigation, Pharms sought discovery and an evidentiary hearing. *Id.* at 11.

On March 21, 2019, the United States responded, arguing that Pharms' Motion to Quash was procedurally infirm: it was not filed "promptly" as required by Rule 17(c)(2), it should have been filed as a separate miscellaneous proceeding rather than in the district court docket for the criminal case in which Pharms is not a party, and that Pharms had no standing to make several of the arguments and requests it made.  Dkt. No. 57 at 3–5 & n.2 (sealed).  The United States also substantively responded that its use of the grand jury to actively investigate is appropriate, and that use of a cooperating witness is a well-accepted and often-employed investigative tool. Despite Pharms' failure to provide factual evidence, the United States nonetheless corrected Pharms' conjectural accusations, and opposed an evidentiary hearing.  *Id.* at 9–18.

On March 12, 2019, the Defendants filed a Motion for Expedited Discovery, which requested expedited production of all recordings, reports of interview, and any information that might be subject to the attorney–client privilege or work-product doctrine.  Dkt. No. 54 at 1.  The Defendants' Motion did not request an evidentiary hearing, and did not identify any factual issues in dispute that, if resolved, would justify the relief sought (discovery).

On April 2, 2019, the United States responded to the Defendants' Motion for Expedited Discovery.  Dkt. No. 64 (sealed).  Although the United States objected that many of the

Defendants' requests exceeded the Government's discovery and disclosure obligations, the Government noted it would nevertheless continue to provide broad discovery, which would include the majority, if not all, of the materials the Defendants requested. *Id.*

## SUPPLEMENTAL INFORMATION

In its April 2, 2019 Response to the Defendants' Motion for Expedited Discovery, Dkt. No. 54, the United States confirmed that it "has and will continue to provide broad discovery in this case, including productions of interview reports, recorded interviews, and materials obtained through the investigation." Dkt. No. 64 at 12.

On April 23, 2019, as requested indirectly by the Defendants in their Motion for Expedited Discovery, the filter attorney provided to counsel for the Defendants the *ex parte* Motion filed by the filter attorney in *In re Grand Jury Investigation (Pharms LLC)*, No. 17-MC-3205, which sought a determination as to whether two recordings were privileged or work-product protected, and requested permission to release those recordings to the prosecution team should the court find that neither was privileged or work-product protected. The filter attorney will file the *ex parte* Motion as a sealed exhibit (without providing a copy to the prosecution team) to this Supplemental Response.

In preparation for the May 9, 2019 Motion Hearing and to fulfill the Defendants' request for expedited discovery, the United States reviewed the full universe of documents provided by the cooperating witness (referred to throughout as "the CW").[1] During that review, one potentially privileged e-mail was identified and immediately sent to the filter attorney for review and production to the Defendants.[2]

---

[1] Because the United States is filing this motion unsealed, it does not include the cooperator by name, but is referencing the same cooperator listed throughout other sealed pleadings.

[2] The Government does not concede privilege, but is notifying the Court of its process to ensure the Court has complete information, as the Government was not aware of this single potentially privileged e-mail at

Over the last month, the United States has produced to the Defendants materials that far exceed the Government's Rule 16 obligations, including: all remaining reports of interview of the CW, investigative reports of the CW (such as surveillance reports), documents (including e-mails, contracts, financial information, and other records) provided by the CW, and the remaining recording the CW made at the Government's instruction.[3]  Further, the United States has provided the following materials to the Defendants:

- Over 65 recorded interviews and consensual recordings[4]
- Over 180 investigative reports, reports of interview, and corresponding attachments (including documents and records obtained through the investigation)
- Apple records seized pursuant to a search warrant[5]
- Records obtained from the Centers for Medicare and Medicaid Services and other Pharmacy Benefit Managers
- Documents provided by Pharms and Omni-One-Med

The United States will continue to comply with its Rule 16, *Brady*, *Giglio*, and *Jencks* Act obligations as the investigation continues and as trial in this case approaches.

## <u>MOTION HEARING</u>

On April 10, 2019, this Court scheduled a Motion Hearing on May 9, 2019 regarding Pharms' Motion to Quash, Dkt. No. 52, and Defendants' Motion for Expedited Discovery, Dkt. No. 54.  *See* Dkt. No. 67.[6]  The United States contends that the issues Pharms and the

---

the time it responded to Pharms and the Defendants' Motions.  The undersigned opened the email, gleaned from the first part of the first sentence that it may contain information relayed from attorneys, stopped reading, closed the email and deleted the file from the attorney case file.  The undersigned did not read the email.  An agent not on the case team then forwarded the file containing the e-mail to the filter attorney for his review and dissemination to the Defendants.

[3] The United States also produced a short voicemail the CW left before a consensually monitored call.

[4] Many of which had previously been provided in a different format.

[5] All search warrants affidavits have previously been unsealed and made available to the Defendants.

[6] During scheduling discussions, the hearing was referred to first as an "oral hearing," and later an e-mail acknowledged a request for an "evidentiary hearing" as to Pharms' Motion to Quash.  Although counsel for Defendant Breimeister had earlier requested clarification on whether the Court would take testimony or hear argument, the United States does not recall and cannot locate an e-mail responding directly to counsel's question. The Notice of Setting itself states that a "Motion Hearing" is set for May 9, 2019.

Defendants raised in their separate motions can be resolved based on legal argument from counsel and factual proffers, if necessary.

Over the last week, however, the United States has received requests from the Defendants and Pharms pursuant to 28 C.F.R. § 16.23 seeking testimony of an FBI Special Agent, an IRS Special Agent, a Department of Justice Attorney, and a sergeant at the Medicaid Fraud Control Unit who was formerly an FBI Task Force Officer.[7]  It appears that the Defendants and Pharms are gearing up for an evidentiary hearing on May 9, 2019.  The United States objects to the presentation of evidence because the Defendants never requested a hearing and none is necessary to resolve their Motion for Expedited Discovery.  Nor did Pharms establish in its Motion to Quash the threshold matter that it has standing to seek much of the relief it sought, much less that it merits an evidentiary hearing.

Accordingly, the United States moves for clarification as to the bounds of the Motion Hearing set before this Court on May 9, 2019, and respectfully requests that this Court find that the Defendants have not requested, are not entitled to, and their Motion does not necessitate an evidentiary hearing on their Motion for Expedited Discovery, and that Pharms, as a non-party, is not entitled to, nor has it met its burden to receive, an evidentiary hearing.

I.      **An evidentiary hearing is unwarranted when there are no disputed material facts that, if true as alleged, would warrant the relief sought.**

Although the decision to grant a hearing is squarely within the Court's discretion, *United States v. Smith*, 546 F.2d 1275, 1279–80 (5th Cir. 1977), an evidentiary hearing is "not granted as a matter of course, but [is] held only when the defendant alleges sufficient facts, which, if proven, would justify relief." *United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983); *see*

---

[7] The United States just learned that the government attorney that is the subject of the request cannot appear in court in Houston on May 9 because of obligations in another federal district.

*United States v. Dean*, 100 F.3d 19, 21 (5th Cir. 1996) ("Evidentiary hearings are not granted as a matter of course; such a hearing is required only if any disputed material facts are necessary to the decision of the motion."); *Smith*, 546 F.2d at 1279–80 (holding that "'[a]n evidentiary hearing is not required where none of the critical facts are in dispute and the facts as alleged by the defendant if true would not justify the relief requested'" (quoting *United States v. Poe*, 462 F.2d 195, 197 (5th Cir. 1972)).

To be granted an evidentiary hearing, the defendant's motion must set forth allegations that are "sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented," *Poe*, 462 F.2d at 197, and "[g]eneral or conclusory assertions will not suffice," *Dean*, 100 F.3d at 21 (quoting *Harrelson*, 705 F.2d at 737). *Cf. United States v. Edwards*, 442 F.3d 258, 268 n.10 (5th Cir. 2006) (declining to grant an evidentiary hearing when "[d]ue to the speculative and conclusory nature of the" defendant's allegations, "such a hearing would serve as nothing more than a fishing expedition").

II.      **The Defendants did not request a hearing, nor did they establish facts in dispute that would justify the relief sought.**

The Defendants moved for expedited discovery. The Motion's Conclusion reads:

> Based on the foregoing, the Defendants respectfully request that this motion be granted and that the Court enter an order directing the government to provide expedited discovery to the Defendants of all recordings and all agent 302s and notes involving Underwood and all other witnesses and cooperators, and any and all other information that may be protected by the attorney-client privilege or the attorney work-product doctrine— that is, all information that involves any of the defense attorneys, staff, paralegals, or investigators during the course of its investigation, including, but not limited to, all documents and records, as well as reports, memoranda, recordings, grand jury or other transcripts, and notes of interviews. The Defendants

*id.* at 6, and the accompanying proposed order similarly requests that this Court order the Government to produce all requested discovery.  Dkt. No. 54-1.  The Defendants never requested a hearing, let alone an evidentiary hearing, and they have nevertheless received the "expedited discovery" they singled out in their Motion related to the CW.  *See* Dkt. No. 54 at 5.

Additionally, having been charged individually, the Defendants also cannot claim that "their rights under the attorney-client privilege" were violated because they are not the corporation.[8]  *See id.* at 3; *see also In re PWK Timberland, LLC*, 549 B.R. 366, 370–71 (W.D. La. 2015) ("Federal case law clearly holds that a corporation's attorney-client privilege belongs to the corporation, not to the corporation's officers and directors or shareholders.").

Nevertheless, the Defendants sent a request to the United States on May 3, 2019 pursuant to 28 C.F.R. § 16.23 requesting that the Government make available for testimony at the May 9, 2019 hearing an FBI Special Agent, an IRS Special Agent, a Department of Justice Attorney, and a sergeant on the Medicaid Fraud Control Unit previously assigned to the FBI as a Task Force Officer.  *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).[9]  Their requests— identical to Pharms'—seek testimony on a smattering of topics related to the Government's treatment of two recordings, but do not explain how that testimony would relate in any way to the relief sought in the Motion before the Court.  Indeed, at no point have the Defendants

---

[8] Moreover, Defendant Vladimir Redko is not a Member of Pharms, LLC, and cannot therefore assert privilege on the entity's behalf.  *See In re PWK Timberland, LLC*, 549 B.R. at 373 (holding that "once former managers are no longer acting in their fiduciary capacity, they no longer have the right to access the company's privileged documents because there is no independent attorney-client relationship between a company's lawyers and the individual managers of that company" (citing *Fitzpatrick v. American International Group, Inc.*, 272 F.R.D. 100, 107–08 (S.D.N.Y. 2010)).

[9] The Defendants had earlier requested the United States make these witnesses available, but the United States informed the Defendants it would be required to comply with the *Touhy* process.  *See United States v. Wallace*, 32 F.3d 921 (5th Cir. 1994) (upholding district court's decision to quash subpoena seeking testimony from a federal when the defense failed to comply with *Touhy* regulations).  The United States is in receipt of these letters, which are working their way through the regulatory process out of an abundance of caution, although the United States does not believe the Defendants have demonstrated that an evidentiary hearing should be held.

identified any factual issue that would merit an evidentiary hearing—and certainly not the fishing expedition they seek in order to probe into the Government's ongoing investigation through three investigative agents and a government attorney. *See United States v. Sledziejowski*, 2018 WL 2288962, at *4 (N.D. Tex. May 18, 2018) (holding that when the defendant failed to cite authority for the relief sought—a description of the government's filter process—the Court would not compel the government to disclose the information to the defendant and "there is no reason to hold the requested hearing").

The United States therefore moves for clarification as to the bounds of the May 9, 2019 hearing and respectfully requests that this Court make the threshold determination that an evidentiary hearing is unwarranted because the Defendants (1) do not actually hold the privilege they are now claiming; (2) never requested a hearing in their Motion, (3) identified no relief that requires the resolution of material factual issues, and (4) have not even identified which factual issues they seek to explore at the hearing.  Nor could they; the Government has already provided the CW-related discovery (and far more) that the Motion originally sought.  Accordingly, the Defendants have not met their burden and no evidentiary hearing is necessary.

**III.    Pharms is not a party to this case, has no standing to obtain much of the relief it seeks, and has failed to establish that an evidentiary hearing is necessary.**

In its Motion to Quash and Motion for Discovery, Pharms demands not only that the Court quash the three subpoenas at issue—the only possible remedy available to Pharms, a non-party—but also: (1) an order from this Court that the Government "identify and set aside all material obtained that is privileged to Pharms"; (2) the production of an array of materials "to the defense without delay"; and (3) an evidentiary hearing to determine whether the Government "violated Pharms' attorney-client privilege and attorney work-product doctrine; were exposed to privileged materials; and were 'tainted' by such materials."  *See* Dkt. No. 52 at 11.

As described in the United States' original Response, Pharms is entitled to no discovery in this case, nor can Pharms request discovery on behalf of the Defendants—which they have separately requested and continue to receive. Like the Defendants, Pharms has not made the threshold showing required to obtain an evidentiary hearing. The United States therefore moves for clarification as to the bounds of the May 9, 2019 motion hearing with respect to Pharms, a non-party "movant" in this case.

Pharms is nevertheless proceeding as if it is entitled to (1) broad discovery—persistently demanding materials from the Government since filing its Motion, including on March 4, 2019; in its Reply filed on March 29, 2019; on April 17, 2019; and again in its *Touhy* requests sent on May 1 and 3, 2019—and (2) an evidentiary hearing, in which it apparently intends to call the same DOJ attorney and law enforcement officers as the Defendants, and to delve into vague areas of questioning to uncover the Government's investigative techniques, Government counsel's communication with other (third-party) defense attorneys, and the means by which the Government obtained records (privileged and non-privileged) in this case—none of which do the Defendants—let alone Pharms, a third party—have a right to know.[10] The Government has also learned that Pharms or the Defendants subpoenaed the CW and the CW's attorney.[11]

---

[10] And many of the areas Pharms and the Defendants seek to probe into at an evidentiary hearing are moot based on the discovery the Government provided to the Defendants. For example, the *Touhy* request seeks information on whether the government has compiled any reports of recordings of company counsel and the CW, or of any meetings or conversations between company counsel and the CW (even if not recorded). The Defendants have been provided with all recordings in the Government's possession that the CW made and all reports of interview of the CW. It is unnecessary and an inefficient use of the Court's time to probe into this area and others with testimony when the Defendants already have the information they seek.

[11] While the United States does not have standing to move to quash either subpoena, the United States has concerns that allowing the Defendants and Pharms to call the CW or the CW's attorney at an evidentiary hearing would risk eliciting privileged material (between the attorney and his client), and is nevertheless a thinly veiled attempt at gaining the opportunity to question a cooperating witness pretrial.

Pharms cites *no legal authority* for either discovery or a hearing.  That is because in the context of a Motion to Quash—the only motion Pharms has standing to assert[12]—the remedy would be quashing the subpoenas, not general discovery or an opportunity to fish into the Government's case.  *See Degen v. United States*, 517 U.S. 820, 825 (1996) (holding that "a criminal *defendant*" is only entitled to "limited discovery" (emphasis added)); *Wooten v. Thaler*, 598 F.3d 215, 219 (5th Cir. 2010) ("[T]here is no general constitutional right to discovery in a criminal case"); *see also* Fed. R. Crim. P. 16 (applying, by its own terms, only to a "defendant" and the government).  And Pharms has presented no non-conjectural facts other than bluster and unfounded accusations to support his request for an evidentiary hearing.  But it is *Pharms'* burden to demonstrate "sufficient facts, which, if proven, would justify relief," *Harrelson*, 705 F.2d at 737, *before* an evidentiary hearing is warranted.  Pharms has not acknowledged—much less met—that burden.  *See Smith*, 546 F.2d at 1279–80 ("An evidentiary hearing is not required where none of the critical facts are in dispute and the facts as alleged by the defendant if true would not justify the relief requested.").

Accordingly, the United States similarly moves for clarification regarding the bounds of the May 9, 2019 motion hearing as to Pharms, and respectfully suggests that the issues Pharms presents—whether the subpoenas should be quashed—can be resolved through legal argument.

## CONCLUSION

In advance of the May 9, 2019 motion hearing, the United States supplements its earlier Responses with information related to ongoing discovery and production of materials to the Defendants to ensure that the United States has provided the Court complete and updated information, and moves for clarification regarding the bounds of the May 9, 2019 evidentiary

---

[12] Although the Government maintains its position that Pharms should have filed its Motion in a miscellaneous matter, not in the charged criminal case to which it is not a party.

hearing.  The United States respectfully requests that this Court clarify that because neither the Defendants nor the third-party Pharms has met their burden of showing facts at issue that, if true, would justify the relief they seek (discovery and quashing the subpoenas, respectively), an evidentiary hearing is unnecessary.  The United States requests this clarification to ensure that judicial resources are used efficiently and that the parties and Pharms are prepared to provide the Court with the information it seeks on May 9, 2019.

Respectfully submitted,

RYAN K. PATRICK
United States Attorney

By:  /s/ Aleza Remis

Aleza Remis
Assistant Chief
Fraud Section, Criminal Division
United States Department of Justice
1000 Louisiana Street, 23rd Floor
Houston, Texas 77002
(713) 567-9406
Aleza.Remis@usdoj.gov

## **CERTIFICATE OF SERVICE**

I affirm that I conferred with counsel of record for the Defendants and counsel for Pharms

on May 5 and 6, 2019, who object to this Motion for Clarification.

> */s/ Aleza Remis*
> Aleza Remis
> Assistant Chief

## **CERTIFICATE OF SERVICE**

I affirm that I electronically filed this Supplemental Response and Motion for Clarification,

and a copy was sent via ECF to counsel for Defendants and Pharms on May 6, 2019.

> */s/ Aleza Remis*
> Aleza Remis
> Assistant Chief

12