## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### *HOUSTON DIVISION*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | **4:18-CR-00368** |
| VS. | § | |
| | § | **JUDGE ALFRED H. BENNETT** |
| BRIAN SWIENCINSKI, *et al.* | § | |

### MOVANT ERIK UNDERWOOD'S MOTION TO QUASH
### SUBPOENAS ISSUED BY THIRD PARTY

*TO THE HONORABLE ALFRED H. BENNETT*:

Movant ERIK UNDERWOOD asks the Court to quash a subpoena *duces tecum* and would show the following to support this request:

### Summary of Movant's Arguments

1.  The subpoenas served on Underwood seek materials expressly protected by Federal Rule of Criminal Procedure 17(h).

2.  There is no authority supporting a third-party issuing subpoenas to a fourth-party in an effort to quash a grand jury subpoena.

3.  The motion to quash the grand jury subpoenas should not have been brought in this matter.

4.  Another court has already ruled on the issue underlying the motion to quash grand jury subpoenas.

5.  The subpoenas seek irrelevant and privileged materials.

6.  The subpoenas were not served timely.

### Background

The defendants in this matter are being prosecuted for healthcare fraud offenses.   (Docket entry 1).   At least two of the defendants in the case - Mr. Swiencinski and Mr. Breimeister - are

owners of an entity known as Pharms LLC (Pharms).   (Docket entry 52, pages 2 and 3).   Neither Pharms nor movant Underwood are defendants in this case.

On February 28, 2019, Pharms filed a motion to quash three grand jury subpoenas it received.   (Docket entry 52).   Pharms also filed a reply to a response to its motion to quash on March 28th.   (Docket entry 60).   Several sealed pleadings were filed between Pharms' pleadings. *See* docket entries 53, 56 57, and 58.   Presumably, one of these is the Government's sealed response to Pharms' motion to quash.

On April 10th, the Court set a hearing on Pharms' motion to quash for May 9, 2019, at 10:00 am.   (Docket entry 67).   Three weeks later, on May 2nd, Pharms' attorney Samy Khalil served subpoenas on former Pharms independent contractor and employee Erik Underwood and his attorney, undersigned Brett Podolsky.[1]

### The Subpoenas

Underwood received two subpoenas, which are attached here as *Exhibit A*.   The first, from defendant Swiencinski**,** calls for Underwood to appear and testify at the May 9th hearing on Pharms' motion to quash.   The second subpoena *deuces tecum* from non-party Pharms calls for Underwood to appear at the same hearing and to bring the following six categories of materials with him:

1.  Any recordings made by Erik Underwood in the presence of Samy Khalil, attorney for Pharms LLC, or transcripts thereof, including but not limited to telephonic or other recordings.

2.  Any disclosures made by Erik Underwood and/or his personal attorney to any third party, including the Government, about the content of any meetings or conversations or communications with Samy Khalil, attorney for Pharms LLC.

---

[1] Undersigned Counsel was also served with identical subpoenas requesting the same list of documents.   Counsel has retained Attorney David Adler to respond to those subpoenas.   Undersigned and Mr. Adler have collaborated in drafting responses to these subpoenas.

3.  Any records of communications between the Government and Erik Underwood and/or his personal attorney.

4.  Any company documents of Pharms LLC, or any of its associated entities, produced to the Government by Erik Underwood and/or his personal attorney.

5.  Any contracts or agreements, formal or informal, between Erik Underwood and the Government, including relating to his status as an informant.

6.  Any engagement contracts or agreements between Erik Underwood and his personal attorney.

### Pharms Improperly Issued Subpoenas in An Effort to Quash A Grand Jury Subpoena

Pharms' subpoena *deuces tecum* to Underwood violates Federal Rule of Criminal Procedure 17(c), which states that pretrial production of documents can only be ordered by the Court.  Implicit in Rule 17, of course, is that the party seeking the subpoena is a defendant in a criminal case.  Here, *Pharms is not a defendant*.

Rule 17(h) specifically states:

> INFORMATION NOT SUBJECT TO A SUBPOENA.  No party may subpoena a statement of a witness or of a prospective witness under this rule.  Rule 26.2 governs the production of the statement.

Pharms' subpoena to Underwood plainly seek statements by prospective witnesses in violation of this rule.  Moreover, Pharms' unprecedented use of subpoenas appears to be nothing more than an offshoot of Pharms' collaboration with the defendants.  *See* Pharms' Motion to Quash, docket entry 52, page 5 *([Pharms' counsel] learned - from discovery sent to the individual defendants by the prosecutor . . .)*

During a discussion with attorney David Adler about the impropriety of serving the subpoenas on Podolsky, Pharms' attorney stated he was not aware of any caselaw that entitled

Pharms to issue subpoenas in pursuing its motion to quash the grand jury subpoena.   The undersigned is similarly unaware of any authority that provides for subpoenas to be issued solely in an effort to quash a grand jury subpoena.   Pharms - *a non-party to this case* - should not be allowed to conduct discovery in this matter.

## **Relevance**

Although Underwood's subpoena to appear was issued by defendant Swiencinski, neither Underwood's possible testimony nor the materials Pharms seeks from Underwood in Pharms' subpoena have *any* relevance to the grounds identified in Pharms' motion to quash the grand jury subpoenas.Pharms pending motion first claims that the grand jury subpoenas are void because the grand jury term has expired and that pre-indictment grand jury subpoenas cannot be used as trial discovery devices.   Pharms also argues that enforcing the grand jury subpoenas would be "unreasonable and oppressive" because the government allegedly engaged in misconduct. Pharms is apparently unable to support its motion to quash without going on a fishing expedition. Pharms' motion makes a variety of assumptions and conjectures as to what transpired during meetings between Underwood and Pharms personnel.[2]   Pharms cites no cases supporting the idea that it can conduct an obvious fishing expedition in an effort to support a claim of government misconduct.

Pharms is not named as a defendant in this matter.   Accordingly, the materials and testimony Pharms seeks have no relevance to the trial of the defendants in this case.   Pharms' motion to quash does not explain why the motion was filed in this case rather than before the Court overseeing the grand jury that issued the subpoena.

---

[2] Underwood is a former employee of Pharms and cooperated at various times with the Government during their investigation.

Additionally, Pharms concedes in a footnote that another court has already rejected the idea that meetings between Underwood, Pharms' attorney, and an attorney for one of the defendants were privileged. *See In Re Grand Jury Subpoena (Pharms LLC)*, 4:17-MC3205 (S.D.Tex, Dec. 12, 2017 ). *See also* Pharms' Motion to Quash, (docket entry 52, page 4, footnote 2). Pharms does not appear to have appealed that decision, but seeks instead to relitigate the matter anew before this Court. Pharms even goes so far as to cite in its *Reply to Response* direct quotes from a sealed pleading. Moreover, Pharms does not appear to have sought the Court's permission before disclosing sealed information.

In their second request for production, Pharms' demands production of any disclosures made by Erik Underwood and/or his personal attorney to any third party, including the government, about the content of any meetings or conversations or communications with Samy Khalil, attorney for Pharms LLC. Pharms provides no definition of what it means by the term "disclosure". This request is vague and ambiguous, and places the undue burden on Underwood of having to guess what materials constitute a "disclosure."

The Fifth Circuit demands more specificity in subpoenas:

Subpoena duces tecum may not be unreasonable and oppressive. Rule 45(b), F.R.C.P. **It must also properly identify or describe the documents requested**. *United States v. Morton Salt Co*., 1950, 338 U.S. 632, 652, 70 S. Ct. 357, 369, 94 L. Ed. 401; *Oklahoma Press Publishing Co. v. Walling*, 1946, 327 U.S. 186, 209, 66 S. Ct. 494, 506, 90 L. Ed. 614. See generally 5A *Moore's Federal Practice,* P 45.05(2) at 45-45 & n. 43 (2d ed. 1977) and cases cited therein. This need not be with such particularity as to enable the witness to pick out a certain piece of paper and say, here it is. **However, the request must be sufficiently definite to provide guidance as to what is to be produced by standards or criteria that make clear the duty of the person subpoenaed**. See 5A *Moore's Federal Practice,* P 45.05(2) at 45-45 n. 43 (2d ed. 1977).

*In Re Grand Jury Proceedings - Robert M. McCoy and Charles Sussman*, 601 F.2d 162 (5th Cir. 1979) (*Emphasis added*).

### Pharms' Subpoena *Duces Tecum* Seeks Privileged Documents

The materials Pharms seeks here are plainly protected by the attorney-client privilege and the attorney work-product privilege.   Providing these materials is clearly unduly burdensome. *Federal Rule of Evidence* 501 provides that privileges in federal court are to be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience.   *In Re Sealed Grand Jury Subpoenas*, 810 F. Supp. 2d 788 (W.D. Va. 2011), *citing United States v. Dunford*, 148 F.3d 385, 390 (4th Cir.1998).   The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law.   *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).   Confidential disclosures by a client to an attorney made in order to obtain legal assistance are privileged.   *In Re Reyes-Requena*, 752 F. Supp. 239 (S.D. Tex. 1990)(*denying motion to compel compliance with subpoena*), *citing Fisher v. United States*, 425 U.S. 391, 403, 96 S. Ct. 1569, 1577, 48 L. Ed. 2d 39 (1976).   Although attorney-client communications may be relevant and highly probative of the truth, they are protected in order to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice. *Upjohn*, *at* 389.   As Judge Hittner wrote in *Reyes-Requena,* "this Court must continue to be mindful of the goal of the attorney-client privilege: to enable individuals to obtain informed legal assistance."

There is no legitimate basis for invading Underwood's and the undersigned's attorney-client and attorney work-product privileges.   Moreover, Pharms' language is ambiguous in another aspect.   The subpoena seeks materials provided to the government without defining if this

phrase means the executive branch or the judicial branch or both by trying to improperly use the Court's power to obtain discovery on a potential government witness.

Pharms' subpoena is nothing more than an attempt to go on a fishing expedition into Underwood's defense counsel's files.  This request is purely harassing and places an undue burden on Underwood.

Pharms' motion to quash the grand jury subpoena discusses attorney Khalil's participation in meetings Pharms alleges Underwood recorded.   Attorney Khalil is likely the only meeting participant who would not invoke a Fifth Amendment privilege against self-incrimination. Khalil is the only meeting participant who would testify to Khalil's presence at the meetings. Thus, Khalil has become a potential witness in the same matter in which he seeks to quash his clients grand jury subpoena.  This conduct implicates Texas Disciplinary Rule of Professional Conduct 3.08:

> (a) **A lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client**, unless:
>
> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;
>
> (3) the testimony relates to the nature and value of legal services rendered in the case;
>
> (4) the lawyer is a party to the action and is appearing pro se; or
>
> (5) the lawyer has promptly notified opposing counsel that the lawyer expects to testify in the matter and disqualification of the lawyer would work substantial hardship on the client.
>
> (*Emphasis added*).

**Untimely Service of the Subpoenas**

A final basis for quashing the subpoenas is the delay between the date Pharms learned of the hearing on its motion to quash the grand jury subpoena (April 10, 2019) and the date it served the subpoenas on Podolsky (May 2, 2019).

Both the Civil and Criminal Rules of Procedure provide for the quashing of a subpoena if compliance would be unreasonable or oppressive, or places an undue burden on the subpoenaed individual. *See* Fed.R.Cr.P. 17(c)(2) (*Quashing or Modifying the Subpoena - On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.*) and Fed.R.Civ.P. 45(d)(3) (*On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; or . . . (iv) subjects a person to undue burden.*) The civil rule specifically requires allowing a reasonable time to comply with the subpoena. Even assuming the issuance of the subpoenas was appropriate, Podolsky has not been allowed a reasonable time to comply.

**Conclusion**

Underwood asks that Pharms' subpoena *duces tecum* be quashed. If the Court is not inclined to grant this request based on the pleadings, Underwood requests a hearing on this motion. Alternatively, Underwood asks the Court to review any potential responsive materials *in camera* to determine if they are relevant to the instant matter or, in particular, to Pharms' motion to quash the grand jury subpoenas and/or contain information protected by the aforementioned privileges.

**Attorney's Fees**

In light of the frivolous nature of the subpoenas issued to Underwood, he further requests Pharms be ordered to pay reasonable attorney fees incurred to file this motion to quash.

Respectfully submitted,

*/s/ Brett A. Podolsky*

_____

Brett A. Podolsky, Attorney for Defendant
SBN 24002781
917 Franklin Street, #510
Houston, TX 77002
713-227-0087
713-227-9900 (fax)

## CERTIFICATE OF CONFERENCE

Pharms is presumably opposed to this motion.

*/s/ Brett A. Podolsky*

_____

Brett A. Podolsky

## CERTIFICATE OF SERVICE

A copy of this motion was served upon all parties by CM/ECF at time of filing.

*/s/ Brett A. Podolsky*

_____

Brett A. Podolsky