**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 4:18-CR-368** |
| | § | |
| **BRIAN SWIENCINSKI,** | § | |
| **SCOTT BREIMEISTER, AND** | § | **(Related Case No. 4:17-MC-3205)** |
| **VLADIMIR REDKO, M.D.,** | § | |
| | § | |
| **Defendants.** | § | |

**PHARMS LLC's MEMORANDUM OF LAW**

On May 9, 2019, this Court directed Pharms LLC to submit a memorandum addressing its position that this Court – rather than the district judge originally assigned in *In Re Grand Jury Investigation (Pharms LLC)*, No. 4:17-MC-3205 (S.D. Tex.) – should rule on Pharms LLC's pending motion to quash the grand jury subpoenas and motion for discovery (Dkt. 52, 60). This memorandum addresses that question.

**I.    IT IS CUSTOMARY IN THIS DISTRICT FOR A DISTRICT JUDGE PRESIDING OVER A CRIMINAL PROSECUTION POST-INDICTMENT TO RULE ON RELATED GRAND JURY MATTERS.**

Pharms is aware of no provision in the Local Rules of the Southern District of Texas that addresses the question posed by the Court. The most analogous rule appears to be S.D. Tex. Local Rule 5.2 (Civil Cases), which provides, "The parties must advise the Court of related current or recent litigation and of directly affected non-parties."[1]   However, it

---

[1] Pharms cited case number 4:17-MC-3205 as a "related case" on the first page of its pleadings filed in this case.

appears to be the well-established custom in this district for the district judge assigned a criminal prosecution post-indictment to rule on motions concerning related grand jury proceedings, including motions to quash grand jury subpoenas.[2] The same practice exists in other districts.[3]

Indeed, according to General Order No. 2019-3, "[t]he miscellaneous docket in the Houston Division consists of those matters that arise *before* a … criminal proceeding is filed and assigned to a judge."). General Order No. 2019-3 (S.D. Tex. May 3, 2019), at 7 (emphasis added). In *Reyes-Requena*, a federal grand jury in Houston issued a subpoena to a witness. The witness moved to quash the subpoena. Judge Hittner granted the motion but was reversed by the Fifth Circuit. The significance of this case is that Judge Hittner presided over both the miscellaneous matter (No. H-89-MC-522) – involving the motion to quash the grand jury subpoena – and the underlying criminal case (No. H-89-CR-348). The government cited *Reyes-Requena* in its *Response in Opposition to Pharms LLC's Motion to Quash Grand Jury Subpoenas and Motion for Discovery* (*see* Dkt. 57, at 5), and Pharms addressed this case in its reply (*see* Dkt. 60, at 3 n.5).

---

[2] *See In re Grand Jury Subpoena for Attorney Representing Criminal Defendant Reyes-Requena*, 724 F. Supp. 458 (S. D. Tex. 1989), *rev'd*, 913 F.2d 1118 (5th Cir. 1990).

[3] *See*, *e.g.*, *United States v. Punn,* 737 F.3d 1, 3-4 (2d Cir. 2013) (discussing the procedural history of the case and noting that, after a federal grand jury in E.D.N.Y. indicted the defendant (Punn), he moved to quash grand jury subpoenas; the same district judge presiding over the indicted case, Judge Seybert, ruled on the motion to quash the grand jury subpoenas); *United States v. Dyer*, 722 F.2d 174, 176 (5th Cir. 1983) (discussing the procedural history of the case and noting that, after a federal grand jury in E.D. La. indicted the defendant (Dyer), he moved to quash grand jury subpoena; the same district judge presiding over the indicted case, Judge Arceneaux, ruled on the motion to quash the grand jury subpoena).

Analogously, two other areas of the law support the proposition that this Court is the proper forum to decide Pharms' motion to quash the grand jury subpoenas. First, cases addressing whether a grand jury subpoena should be quashed after the return of an indictment (as improper post-indictment discovery by the government) presuppose that the district judge assigned to the indicted case will rule on the motion.[4] The government has contended that its continued use of a grand jury is proper in this case. *See Govt. Resp. in Opposition*, Dkt. 57, at 7-8 & n.9 (citing cases discussing the issue of whether a post-indictment grand jury subpoena is proper). It would be anomalous for another district judge to rule on that issue when it is inextricably bound with the legal issues in this criminal prosecution. For similar reasons, it would be anomalous for another district judge to rule on Pharms' motion to quash the grand jury subpoenas.

Second, motions for the return of unconstitutionally-seized evidence pursuant to Federal Rule of Criminal Procedure 41(g) also are typically decided by the same district judge who presides over the indicted case.[5] It is noteworthy that Pharms previously has invoked Rule 41(g) in connection with its allegation of a Fourth Amendment violation by government informant Erik Underwood in this case. *See Pharms LLC's Reply Concerning*

---

[4] *See, e.g.*, *United States v. Segal*, 299 F. Supp.2d 840, 851-52 (N.D. Ill. 2004) ("Once a defendant has been indicted, the government cannot use the grand jury for the sole or dominant purpose of obtaining additional information against him, but the government can issue grand jury subpoenas when it contemplates bringing additional charges or adding new defendants. The Government has represented to this Court and has presented sufficient in camera documentation to establish that it is legitimately considering bringing new charges against Defendants and considering charging new individuals and entities…. [O]n December 18, 2003, this Court denied a motion to quash a grand jury subpoena because of the Government's submissions.").

[5] *See, e.g.*, *United States v. Howell*, 354 F.3d 693, 695 (7th Cir. 2004) (noting "that we have permitted Rule 41(g) motions to be filed in the criminal proceeding to which the property sought to be returned relates").

*Its Motion to Quash Grand Jury Subpoenas and For Evidentiary Hearing*, Dkt. 60, at 7 n.9 ("Any company documents seized by Underwood (or by other Pharms' personnel, employees or consultants), and provided to the government, should immediately be returned to company counsel, pursuant to Federal Rule of Criminal Procedure 41(g)."); *see also* Dkt. 52, at 10-11 & n.6.

It is an extremely common practice in the federal judicial system for a single judge to preside over all related cases involving common parties or common issues of law or fact. The obvious reason is "judicial economy."[6] That reason strongly militates in favor of this Court ruling on Pharms' motion to quash the grand jury subpoenas and motion for discovery.

## II.    CONCLUSION

For the foregoing reasons, this Court should rule on Pharms LLC's pending motion to quash the grand jury subpoenas and motion for discovery.

---

[6] *See*, *e.g.*, *United States v. Volvo Constr. Equip. AB*, 922 F. Supp.2d 67, 68 (D. D.C. 2013); *Center for Biological Diversity v. Salazar*, 2010 WL 3924069, at *6 (D. Ariz. Sept. 30, 2010); *Habitat Educ. Center v. Kimbell*, 250 F.R.D. 390, 396 (E.D. Wisc. 2008)*; see also United States v. Stone*, 411 F.2d 597, 599 (5th Cir. 1969) ("District Judges have the inherent power to transfer cases from one to another for the expeditious administration of justice."); *cf.* General Order No. 2019-3 (S.D. Tex. May 3, 2019), at 7 ("The miscellaneous docket duties may be exchanged by consent with notice to the clerk and the chief judge.").

Respectfully submitted,

/s/ Samy Khalil

Samy Khalil
Texas Bar No. 24038997
GERGER, KHALIL & HENNESSY LLP
1001 Fannin Street, Suite 2450
Houston, Texas 77002
(713) 224-4400 – Telephone
(713) 224-5153 – Facsimile
Email: skhalil@gkhfirm.com

**ATTORNEY FOR PHARMS LLC**

## CERTIFICATE OF SERVICE

I certify that on May 17, 2019, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record on the day of filing.

/s/ Samy Khalil
Samy Khalil