**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Criminal No. 18-CR-368** |
| | § | |
| **BRIAN SWIENCINSKI,** | § | |
| **SCOTT BREIMEISTER, and** | § | |
| **VLADIMIR REDKO, M.D.,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**UNITED STATES' RESPONSE TO PHARMS LLC'S MEMORANDUM OF LAW**

The United States submits this Response to Pharms LLC's Memorandum of Law ("Memo"), Dkt. No. 83, which contends that Pharms' Motion to Quash, Dkt. No. 52, should remain filed in the charged criminal case in which Pharms is not a party. The authority Pharms' Memo cites only further supports that its Motion to Quash should have been filed in a separate matter rather than in a criminal case in which Pharms is not a party.

Because Pharms is an uncharged third party with no standing to file motions in the charged criminal case, the United States respectfully requests that Pharms be required to file its Motion to Quash in a separate matter, not in *United States v. Swiencinski et al*, No. 18-CR-368.[1]

**BACKGROUND**

On February 28, 2019, Pharms filed a Motion to Quash three grand jury subpoenas that had been issued to it and a related entity in September and October 2017. Dkt. No. 52.[2] Though

---

[1] In its original Response in Opposition to Pharms' Motion to Quash, the United States argued that Pharms' Motion should have been filed as a separate proceeding captioned "In re Grand Jury Subpoenas." Dkt. No. 57 at 3 n.2 (Sealed). The United States incorporates that portion of its Response by reference.

[2] The background related to the investigation and the subpoenas was laid out extensively in the United States' Response. *See* Dkt. No. 57 at 1–3. Therefore, only those facts relevant to the instant Response are included.

not a party to this case, Pharms sought extraordinary relief including quashing the three subpoenas as well as discovery in the criminal matter in which Pharms is not a party.[3]

On March 21, 2019, the United States responded in opposition, and argued, in relevant part, that Pharms' Motion should have been filed in a separate matter, not within the charged criminal case.[4]

This Court held a Motion Hearing on May 9, 2019. During Pharms' argument, this Court asked whether Pharms was "properly before this Court in this proceeding," and further inquired, "[i]f you're a nonparty to these proceedings, why are you here? Why wouldn't you be in a separate proceeding making these points?" Transcript of Motion Hearing at 21:2–21:5 (relevant portions of the transcript are attached as Exhibit A). This Court observed that Pharms was "within a matter that [Pharms is] not a party to." Exh. A at 21:20. Counsel for Pharms responded that he was "happy to litigate this issue in front of whatever forum the Court thinks is appropriate," *id.* at 21:21–23, and explained that he included both the criminal case number and the "related case number, which was the miscellaneous grand jury case number." *Id.* at 22:6–8.

At the conclusion of the May 9, 2019 hearing, this Court ordered Pharms to file a brief explaining why the indicted criminal case is the proper forum for Pharms to have filed its Motion to Quash. Exh. A at 72:1–9. On May 17, 2019, Pharms filed its Memorandum of Law. Dkt. No. 83. The United States now responds.[5]

### LAW AND ANALYSIS

Pharms provides no legal authority to support its Motion to Quash being filed within *United States v. Swiencinski et al.*, No. 18-CR-368, the charged criminal matter pending before this Court

---

[3] The United States persists in its contention that Pharms is entitled to no discovery.

[4] *See supra* n.1.

[5] Since the May 9, 2019 hearing, the United States has been in communication with counsel for Pharms relating to the outstanding materials responsive to the subpoenas.

in which Pharms is not a party.  Indeed, this absence of rules or law is itself proof that Pharms' Motion was not properly filed in the charged criminal matter.  Instead, the case law establishes that Pharms' Motion should have been filed in a separate matter.  Although the posture in this case is somewhat unusual, in part due to length of time that has elapsed since the grand jury subpoenas were issued and the subsequent indictment of three individuals, motions to quash subpoenas are not uncommon.  A search of Westlaw for "in re grand jury"—a likely case caption for motions to quash grand jury subpoenas—reveals dozens of cases in the Fifth Circuit alone.[6]

And a review of many of the cases cited throughout the Government and Pharms' briefing in this matter, *see* Dkt. Nos. 52, 57 (sealed), 60, largely demonstrates that subpoenaed parties wishing to quash grand jury subpoenas file motions in miscellaneous cases captioned "In re Grand Jury Subpoenas" or some iteration thereof, not in charged cases captioned "United States v. Defendant X," for example, as was done here.[7]  *See, e.g.*, *In Re Grand Jury Proceedings*, 744 F.3d 211, 217–18 (1st Cir. 2014) (vacating district court's order holding subpoenaed party in contempt); *In re Grand Jury Proceedings, Thursday Special Grand Jury Sept. Term, 1991*, 33 F.3d 342, 347 (4th Cir. 1994) (considering force of grand jury subpoena after grand jury expired in context of motion to compel subpoenaed parties' compliance when subpoenaed parties were lawyers for targets of investigation); *In re Grand Jury Subpoena for Attorney Representing Criminal Defendant Reyes-Requena*, 913 F.2d 1118, 1129 (5th Cir. 1990) (reversing the district court's grant of a motion to quash when subpoenaed party/movant was attorney for criminal defendant charged in a separate criminal matter); *In re Grand Jury Proceedings*, 658 F.2d 782, 783 (10th Cir. 1981) (affirming district court's denial of subpoenaed attorney's motion to quash

---

[6] Using the following search terms: "advanced: TI("in re grand jury")."
[7] Unless it is a circumstance in which a defendant files a motion to quash a third-party subpoena, as described further below.

3

grand jury subpoena for documents); *In re Grand Jury No. 76-3 (MIA) Subpoena Duces Tecum*, 555 F.2d 1306, 1308 (5th Cir. 1977) (reversing district court's decision to grant a bank's motion to quash a grand jury subpoena for bank records); *In re Various Grand Jury Subpoenas*, 235 F. Supp. 3d 472, 483 (S.D.N.Y. 2017) (highlighting that "[t]his *miscellaneous proceeding* stems from Subject E's refusal to comply with a grand jury subpoena dated October 4, 2010" and noting Subject E's argument that in light of her indictment—presumably in a separate criminal matter— requiring production of the subpoenaed materials would improperly aid the government in trial preparation (emphasis added)).

Nevertheless, in support of filing its Motion to Quash within the criminal proceeding, Pharms relies in its Memo on the concept of "related cases." *See* Dkt. No. 83 at 1–2, 4. But there are fundamental issues with Pharms' position.

*First*, Pharms confuses (1) filing a third-party motion *inside* a pending case in which the movant is not a party—what Pharms has attempted in its Motion to Quash—with (2) filing a motion in a *separate matter* before a judge presiding over a related case. Indeed, the single case Pharms cites to support its proposition that "it appears to be the well-established custom in this district for the district judge assigned [to] a criminal prosecution post-indictment to rule on motions concerning related grand jury proceedings, including motions to quash grand jury subpoenas," relates to the second scenario above, not the first. The caption alone in that cited case, *In re Grand Jury Subpoena for Attorney Representing Criminal Defendant Reyes-Resquena*, 724 F. Supp. 458 (S.D. Tex. 1989), *rev'd* 913 F.2d 1118 (5th Cir. 1990), makes clear that—although related—the case moving to quash the grand jury subpoena was filed in a proceeding with a miscellaneous

4

number (No. H-89-MC-522) separate from the "underlying criminal case"—as Pharms describes it, Dkt. No. 83 at 2—which had a distinct criminal number (No. H-89-CR-348).[8]

Moreover, the out-of-district cases that Pharms cites, Dkt. No. 83 at 2 n.3, are distinguishable because the movant in those cases seeking to quash a subpoena was the *charged defendant*, not an uncharged third party. *See United States v. Punn*, 737 F.3d 1, 3–4 (2d Cir. 2013) (reviewing district court's denial of *defendant's* motion to quash post-indictment grand jury subpoenas issued to the defendant's children for lack of standing and holding that denial of motion to quash was not immediately appealable); *United States v. Dyer*, 722 F.2d 174, 176 (5th Cir. 1983) (affirming in part and reversing in part *defendant's* post-indictment motion to quash grand jury subpoenas issued to his attorneys).

*Second*, Pharms repeatedly notes that it filed its motion under both "the criminal case number"—*United States v. Swiencinski*, No. 18-CR-368—and the "related case number, which was the miscellaneous grand jury case number," Exh. A 21:5–21:8—presumably *In re Grand Jury Investigation (Pharms, LLC)*, No. 17-MC-3205 (Harmon, J.), the miscellaneous proceeding in which the filter attorney filed a sealed, *ex parte* Motion seeking a privilege determination and permission to release recordings to the prosecution team.

But Pharms' Motion to Quash the three grand jury subpoenas issued in September and October 2017 is not an appeal of Judge Harmon's Order in *In re Grand Jury Investigation*, No. 17-MC-3205, nor does it seek (nor can it) relief related specifically to the recordings that Judge Harmon reviewed and ruled upon in that proceeding. Instead, the Motion to Quash seeks to quash

---

[8] Pharms also quotes General Order No. 2019-3, which describes that the miscellaneous docket consists of matters "that arise *before* a . . . criminal proceeding is filed and assigned to a judge," Dkt. No. 83 at 2 (emphasis in Memo). But that General Order undermines Pharms' argument because Pharms, an unindicted party, has no criminal proceeding filed against it. Any motions it files, therefore, should remain in a miscellaneous docket, not in the charged criminal matter.

5

grand jury subpoenas—the only cognizable remedy to which Pharms could be entitled.  It would have been equally inappropriate, therefore, for Pharms to have filed its Motion to Quash in the "miscellaneous grand jury case number," 17-MC-3205.

*Third*, Pharms' arguments by analogy relating to post-indictment use of grand jury subpoenas and motions pursuant to Federal Rule of Criminal Procedure 41(g) are similarly unavailing and do not support Pharms' filing its Motion to Quash in the charged criminal case in which Pharms is not a party.[9]  With respect to improper use of the grand jury for trial preparation, the Government already argued in its original Response, that Pharms, as a non-party with no possible resulting "personal injury," had no standing to make such an argument.  Dkt. No. 57 at 9 n.10 (Sealed).  And again, the cases Pharms cites in support of these "analogous" scenarios— *United States v. Segal*, 299 F. Supp. 2d 840, 851–52 (N.D. Ill. 2004), in the context of alleging post-indictment misuse of the grand jury and *United States v. Howell*, 354 F.3d 693 (7th Cir. 2004), in the context of Rule 41(g) motions—relate to the *charged defendants'* motions to quash grand jury subpoenas issued to its employees—which was denied—and a *convicted defendant's* motion for return of property under Rule 41(g), not a third party's motion to quash a grand jury subpoena issued to that third party.

At bottom—and as stated in its original Response, Dkt. No. 57 n.2—the United States is not opposed to this Court presiding over Pharms' Motion to Quash if it so chooses.  But that Motion should never have been filed *within* the pending criminal matter in *United States v. Swiencinski*, No. 18-CR-368, in which Pharms is not a party, or in the miscellaneous case over which Judge

---

[9] Pharms again "invoke[s]" Rule 41(g).  But this argument is not properly before this Court, not only procedurally because Pharms admittedly raised the issue for the first time in its Reply, *see United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005) ("Arguments raised for the first time in a reply brief . . . are waived."), but also substantively because the argument ignores well-established, binding precedent relating to the Fourth Amendment's consent exception, *see United States v. Jenkins*, 46 F.3d 447 (5th Cir. 1995), and attempts to paint proper and conventional investigative techniques as underhanded.

6

Harmon previously presided.  Instead, it should have been filed in a separate, miscellaneous proceeding.  None of the authority Pharms cites militates in favor of its Motion remaining filed in the criminal case.

## **CONCLUSION**

Accordingly, the United States respectfully requests that this Court find that Pharms' Motion to Quash, Dkt. No. 52, was filed in the improper forum, and should be filed as a separate, miscellaneous proceeding with a separate miscellaneous case number.

Respectfully submitted,

RYAN K. PATRICK
United States Attorney

By:  */s/ Aleza Remis*
Aleza Remis
Assistant Chief
Fraud Section, Criminal Division
United States Department of Justice
1000 Louisiana Street, 23rd Floor
Houston, Texas 77002
(713) 567-9406
Aleza.Remis@usdoj.gov

## **CERTIFICATE OF SERVICE**

I affirm that I electronically filed this Response on ECF on May 22, 2019.

*/s/ Aleza Remis*
Aleza Remis
Assistant Chief