UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CAUSE NO. 4:18-CR-368 |
| | § | |
| SCOTT BREIMEISTER (02) | § | |

**DEFENDANT BREIMEISTER'S OPPOSED MOTION FOR
PRODUCTION OF EVIDENCE FAVORABLE TO THE ACCUSED**

TO UNITED STATES DISTRICT JUDGE ALFRED H. BENNETT:

Scott Breimeister files Defendant's Opposed Motion For Production of

Evidence Favorable To The Accused, and would show as follows:

I.

**GENERAL REQUEST FOR FAVORABLE EVIDENCE**

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), Breimeister moves that

the Court order the Government to disclose any evidence or information known to

the Government, which includes the United States Attorney's Office and all law

enforcement agencies involved in this case, which is discoverable by the exercise of

diligence and favorable to him because it tends to:

1.    cast doubt on his guilt as to any element of the offense;

2.    cast doubt on the admissibility of any evidence;

1

3.      cast doubt on the credibility or accuracy of any evidence;[1]

4.      diminish the degree of his culpability; or

5.      mitigate his punishment.

## II.

## IMPEACHMENT EVIDENCE

Breimeister requests disclosure of the following information regarding

Government witnesses:

6.      their criminal histories;

7.      the benefits they have received or will receive as a result of their cooperation and/or testimony;[2]

8.      how Erik Underwood was enlisted to work undercover and the consideration he has received or will receive as a result of his cooperation and/or testimony;

9.      the financial arrangements to compensate Government expert witnesses in exchange for testimony;

10.     the trials at which Government expert witnesses have testified and the amount of compensation they received in each case;

11.     an explanation for how Leonard Carr came to plead guilty to an offense with a statutory maximum punishment of five years if he

---

[1] The Government must disclose evidence of leniency to witnesses, *Giglio v. United States*, 405 U.S. 150 (1972); compensation to witnesses, *United States v. Bagley*, 473 U.S. 667 (1985); and prior inconsistent statements of witnesses, *United States v. Martinez*, 87 F.3d 731 (5th Cir. 1996).

[2] This request extends to benefits that any third person (such as a relative or friend of the witness) has received or will receive as a result of the witness's cooperation and/or testimony.

2

asserts that he committed crimes with statutory maximum punishments of 10 and 20 years.

12. the amount of money that the Government contends the cooperating witnesses who have pled guilty each made as a result of the alleged conspiracy and any arrangements that have been made with them regarding forfeiture; and

13. whether any Government witness previously has worked as a confidential informant for the Government, is doing so at this time, or is supposed to do so in the future.

III.

## EVIDENCE SUPPORTING BREIMEISTER'S CREDIBILITY AND LACK OF INTENT OR WILLFULNESS

Breimeister requests disclosure of information that any witness has told any

law enforcement agent that:

14. Breimeister is credible or honest and any documentation of that opinion.

15. Breimeister tried to follow the law, encouraged others to follow the law, and did not demonstrate an intent or willfulness to violate the law.

IV.

## SELECTIVE PROSECUTION

16. Breimeister requests that the Government disclose why it is prosecuting him for conduct that allegedly occurred while he was president and co-owner of pharmacies and the management company from October of 2014 through 2017, but it is not prosecuting Dan Milosevic, who had the same roles from 2012 through September of 2014 (during which the Government alleges the conspiracy existed).

3

Breimeister moves that the Court order the Government to disclose these matters at least 30 days before trial to ensure that he can effectively prepare for trial.

Respectfully submitted,

*/s/ Josh Schaffer*

Josh Schaffer
State Bar No. 24037439
1021 Main, Suite 1440
Houston, Texas  77002
(713) 951-9555
(713) 951-9854 (facsimile)
josh@joshschafferlaw.com

*/s/ Dan Cogdell*

Dan Cogdell
State Bar No. 04501500
811 Main Street, Suite 2900
Houston, TX 77002
713.437.1869
713.437.1810 facsimile)
dcogdell@joneswalker.com

Attorneys for Defendant
SCOTT BREIMEISTER

## CERTIFICATES OF CONFERENCE AND SERVICE

I conferred with Aleza Remis, assistant United States attorney, on August 5-6, 2022, and the Government opposes "any requests that fall beyond the Government's obligations under *Brady*, *Gilgio [sic]*, and *Jencks*."  I served a copy of this document on all parties by electronic filing on August 8, 2022.

*/s/ Josh Schaffer*

Josh Schaffer

4